IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEONICIO BARRERA MORENO, III and CHRISTOPHER DE LA CERDA, Plaintiffs | § § § § § | |
| vs. | § § § | CIVIL ACTION NO. 5:19-cv-00870 |
| CONSTABLE MICHELLE BARRIENTES VELA, DEPUTY CONSTABLE MARC D. GARCIA, AND BEXAR COUNTY, TEXAS Defendants | § § § § § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME Plaintiffs Leonicio Barrera Moreno, III and Christopher De La Cerda (hereinafter referred to as "Plaintiffs") complaining of Defendants Constable Michelle Barrientes Vela, in her individual capacity, Deputy Constable Marc D. Garcia, in his individual capacity, and Bexar County, Texas (hereinafter referred to as "Defendants") and respectfully show the Court and Jury the following:

## PARTIES

1.      Plaintiff Leonicio Barrera Moreno, III is a natural person who resides in and is a citizen of Bexar County, Texas and the United States of America.  He may be served through counsel.

2.      Plaintiff Christopher De La Cerda is a natural person who resides in and is a citizen of Bexar County, Texas and the United States of America.  He may be served through counsel.

3.      Defendant Michelle Barrientes Vela is a natural person who resides in and is a citizen of Bexar County, Texas.  She may be served at her place of employment, Bexar County Precinct 2, 7723 Gilbeau Road, Suite 105, San Antonio, TX 78250 or wherever else she may be found.

4.      Defendant Marc D. Garcia is a natural person who resides in and is a citizen of Bexar County, Texas.  He may be served at his place of employment, Bexar County Precinct 2, 7723 Gilbeau Road, Suite 105, San Antonio, TX 78250 or wherever else he may be found.

5.      Defendant Bexar County is a political subdivision of the State of Texas.  Bexar County may be served by serving County Judge Nelson Wolff at 101 W. Nueva, Suite 1019, San Antonio, Texas 78205.

## JURISDICTION AND VENUE

6.      This case arises under 42 U.S.C. §1983 and invokes federal question jurisdiction.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.  The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367.

7.      Pursuant to 28 U.S.C. §1391, venue is proper in the Western District of Texas because all or a substantial part of the events or omissions that give rise Plaintiffs' claims occurred in Bexar County, Texas, which is located in the Western District of Texas.  Further, Defendants Vela and Garcia are natural persons that reside in the Western District of Texas.  Finally, Bexar County is located in and subject to suit in the Western District of Texas.

## CIVIL RIGHTS VIOLATIONS

8.      At all times relevant to the civil rights claims, Plaintiffs were employed as Deputy Constables for Precinct 2 of Bexar County, Texas.  Defendant Michelle Barrientes Vela ("Vela") is the elected Constable for Precinct 2.  Defendant Marc D. Garcia ("Garcia") is a Deputy Constable employed by Precinct 2.  Vela and Garcia have supervisory and policymaking authority

for Bexar County.  Bexar County is a political subdivision of the State of Texas.  All acts or omissions attributed to the Defendants were taken under the color of State and/or County statute, ordinance, regulation, custom, and usage.  At all times relevant to the civil rights claims, Vela and Garcia acted or purported to act in their official capacities as licensed Texas peace officers appointed by Bexar County.  Further, Vela and Garcia knowingly violated the law and/or were plainly incompetent when acting in their official capacities as law enforcement officers appointed by Bexar County.  Bexar County, Vela and Garcia deprived Plaintiffs of their rights, privileges, and immunities secured by the Constitution and laws.

9.      Plaintiff Leonicio Barrera Moreno, III ("Moreno") decided to run against Vela for the office of Bexar County Constable, Precinct 2.  On January 9, 2019, Moreno appointed Plaintiff Christopher De La Cerda ("De La Cerda") as his campaign treasurer and filed the appropriate documentation with the Bexar County Elections Office.  Exhibit A.  Upon learning that Moreno was Vela's political opponent, Vela and Garcia conspired and engaged in conduct to deprive Moreno of his rights under the First, Fourth and Fourteenth Amendments of the U.S. Constitution.  Upon learning that De La Cerda supported Moreno, Vela and Garcia also conspired and engaged in conduct to deprive De La Cerda of his rights under the First and Fourteenth Amendments of the U.S. Constitution.

10.     On February 25, 2019, Vela and Garcia enforced an unconstitutional official custom and policy (Exhibit B) that required Moreno and De La Cerda to be on leave for the duration of Moreno's campaign and prohibited Moreno and De La Cerda from working anywhere else at any other profession.  Exhibits C and D.  Per Bexar County Civil Service Commission Rules and Regulations 7.6.04, the policy in question is the official and approved policy and custom of Bexar County.  *See also* Exhibit E, wherein Bexar County's attorney reviewed the policy in question and

Plaintiffs' Original Complaint                                                                                          3

approved Vela and Garcia's interpretation and implementation of the policy.  Further, Vela and Garcia are policymakers and supervisors for Bexar County.  Vela and Garcia propounded and enforced the unconstitutional policy.

11.     Once Plaintiffs expended their paid leave, they were required to be on leave without pay. Further, Plaintiffs were prohibited from working at any other job while they were on leave without pay.  Exhibits B-E.  Defendants enforced this policy over the verbal and written protests of Plaintiffs.  This policy is grossly overbroad.  Plaintiffs' First Amendment rights outweigh any governmental interest served by requiring Plaintiffs to be on leave for the entire duration of the campaign.  There is no governmental interest served by prohibiting Plaintiffs from working another job while they are on leave.  This policy is a transparent attack on the First Amendment and cannot be justified.  The sole purpose of this policy is to prevent employees of Bexar County from exercising their First Amendment rights.  The policy serves no legitimate governmental interest.

12.     In addition, Defendants Vela and Garcia harassed and took adverse employment actions against Plaintiffs for their political activities and exercise of their rights under the First Amendment to the U.S. Constitution.  On February 25, 2019, Vela and Garcia subjected Moreno to disciplinary action for filing his Appointment of Campaign Treasurer while "on duty." Exhibit C.  However, Moreno was on administrative leave and in compliance with all the requirements of the administrative leave at the time he filed the document.  Exhibit F.  Moreno was available by phone during the time specified, was available to report in person, was responsive and was not working a second job.  *Id.*

13.     On February 25, 2019, Vela and Garcia again subjected Moreno to disciplinary action for failing to report for duty in his proper uniform.  Vela and Garcia caused Moreno to be ordered to

Plaintiffs' Original Complaint                                                                4

appear for duty at the Constable's office with only 65 minutes notice.  The reprimand was based on the fact that Moreno did not have ammunition with him.  Exhibit G.  Moreno had previously turned in his service weapon and magazines and could not possibly be in his full duty uniform when he reported.  Vela and Garcia asserted, through their subordinate, that Moreno was unable to perform his duties as a Deputy Constable.  In fact, Moreno was not ordered to report to work in order to perform his duties as a Deputy Constable.  Rather, Vela and Garcia ordered Moreno to report to work simply to notify him that Bexar County, Vela, and Garcia were forcing him to take leave and prohibiting him from working pursuant to the unconstitutional political activities policy. Exhibits B and C.  Thus, it did not matter whether Moreno was in proper uniform when he reported to Precinct 2 on February 25, 2019.

14.     On February 25, 2019, Vela and Garcia subjected De La Cerda to disciplinary action for failing to timely appear for duty with 64 minutes notice.  Exhibit H.  Further, when De La Cerda returned to work, Vela and Garcia demoted De La Cerda from a courtroom bailiff to the security officer at the front door of the Precinct 2 offices. Despite this assignment, Vela and Garcia purposefully failed to provide De La Cerda with information pertaining to relevant security threats. Vela and Garcia refused to issue De La Cerda the same basic equipment as other Deputy Constables.  For example, Vela and Garcia did not issue De La Cerda a radio or a key card.  Vela and Garcia required De La Cerda to wear a "uniform" shirt that no other Deputy Constable was required to wear.  Exhibit I.  Vela and Garcia refused to allow De La Cerda the same freedom of access to the Constable's office as other Deputy Constables.  Vela and Garcia assigned De La Cerda to sit alone at a desk for extended periods of time performing no meaningful tasks.  Vela and Garcia classified De La Cerda's leave under the Family Medical Leave Act (FMLA) as long weekends and harassed De La Cerda for taking FMLA leave.  Further, on June 12, 2019, Vela and

Garcia subjected De La Cerda to disciplinary action based on falsehoods and tortuous interpretations of departmental policies.  Vela and Garcia engaged in this course of conduct in order to punish De La Cerda in violation of his rights under the First and Fourteenth Amendments to the Constitution.

15.     On April 29, 2019, in violation of Moreno's rights under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution, Vela and Garcia conspired to have Moreno arrested for aggravated perjury[1] based on a false affidavit executed by Garcia.  Exhibit J.  For example, the affidavit states the basis of the aggravated perjury was Moreno's filing of complaints with the Equal Employment Opportunity Commission (EEOC).  Vela and Garcia's true motive for illegally arresting Moreno was his status as a candidate for Bexar County Constable for Precinct 2.

16.     Both Vela and Garcia were aware that an EEOC complaint is a privileged communication under, among other things, the First Amendment, the Civil Rights Act of 1964, and Chapter 554 of the Texas Government Code.  Thus, Vela and Garcia knew they could not arrest Moreno, or otherwise retaliate against him, for filing EEOC complaints.  In addition, the affidavit states that the EEOC complaints had been "proven beyond a reasonable doubt to have been false."  Both Vela and Garcia knew the EEOC complaints are the subject of pending litigation, the complaints have not been resolved, and there has been no finding by any tribunal that the complaints were false.  Further, the statement is a legal impossibility since "reasonable doubt" is not the evidentiary standard for an EEOC complaint or a civil proceeding.

17.     Both Vela and Garcia, with knowledge that Garcia's affidavit contained false statements of material fact, fraudulently obtained a defective arrest warrant and directed Precinct 2 Deputy Constables to arrest Moreno on April 30, 2019 in violation of his rights under the First, Fourth,

---

[1] Tex. Penal Code §37.03

and Fourteenth Amendments of the U.S. Constitution.   Without his consent, Moreno was handcuffed and searched as part of the arrest.   Vela and Garcia knew the acts described in Garcia's affidavit did not constitute a crime under the Texas Penal Code, and they knew Garcia's affidavit contained false statements of material fact.   Vela and Garcia knowingly and intentionally obtained the arrest warrant through perjury, deceit, and fraud.   They did so to punish Moreno for being Vela's political opponent.

18.     After Moreno was illegally arrested on April 30, 2019, Vela and Garcia directed two Deputy Constables to transport Moreno to the Bexar County Adult Detention Center (BCADC) in a police vehicle.   Moreno was forced into the police car against his will, and he did not consent to be transported to the BCADC.   Upon arrival at the BCADC, Moreno was taken into the sally port to be removed from the vehicle and processed.   At that time, in violation of established policy, Vela and Garcia instructed the Deputy Constables that transported Moreno to remove him from the BCADC so that Vela and Garcia could coordinate the presence of members of the press with Moreno's arrival at the BCADC.   This conduct violates Tex. Code Crim. Proc. Art. 15.17 and Tex. Penal Code §39.03.   Again, they did this to punish Moreno for being Vela's political opponent.

19.     The Deputy Constables then took Moreno from the BCADC in the police vehicle and parked on a side street to await the arrival of the press.   Moreno did not consent to being held in the police car on a side street.   He was held there against his will and with the unlawful use of force.   Once the press arrived, Vela and Garcia instructed the Deputy Constables to return to the BCADC with Moreno, remove Moreno from the vehicle, and parade Moreno in front of the press. The Deputy Constables followed these instructions to the letter.   Moreno did not consent to being removed from the police car and walked into the BCADC in front of the press.   The Deputy Constables used unlawful force at the direction of Vela, Garcia, and Bexar County.

Plaintiffs' Original Complaint                                                                                              7

20.     Moreno was held against his will at the BCADC for approximately 12 hours.  Without his consent, he was searched, and his freedom of movement was constrained.  He was also forced to incur financial losses in order to obtain a bail bond and to retain the services of a criminal defense attorney.

21.     Vela and Garcia's arrest of Moreno amounted to excessive force, an illegal seizure, and an illegal search.  There was no legal basis to seize Moreno; therefore, any act taken to arrest Moreno and take him into custody and parade him in front of the press was excessive force.  Defendants violated Moreno's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. There was no legal basis to search Moreno after he was illegally seized.  Thus, any search of Moreno incident to or after his arrest violated his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.  There was no legal basis to arrest Moreno.  Thus, the arrest was an illegal seizure that violated his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

22.     The Bexar County Criminal District Attorney subsequently acknowledged that Moreno's arrest was unlawful and retaliatory.  The District Attorney stated that the false affidavit proffered by Vela and Garcia did not even set forth the elements of the crime of aggravated perjury.  Thus, even if Vela and Garcia had been truthful, there was no legal basis to arrest Moreno.  The case against Moreno was dismissed on May 1, 2019.  Exhibit K.

23.     All of these actions were based on Bexar County, Vela, and Garcia's conspiracy to harass, intimidate, and discipline De La Cerda and Moreno for exercising their First and Fourteenth Amendment rights under the U.S. Constitution.  Bexar County had a formal policy or custom of prohibiting political activities in an unconstitutional manner.  Exhibits B and E.

Plaintiffs' Original Complaint                                                                                    8

24.     Further, since Vela and Garcia have supervisory and policymaking authority, their acts are the acts of Bexar County.  Vela, as the elected Constable for Precinct 2 was the final policymaking authority for Bexar County.  Bexar County, Vela, and Garcia were aware of the Precinct 2 political activities policy, customs, and harassment.  Bexar County, Vela, and Garcia were deliberately indifferent to and active participants in the enforcement and implementation of the Precinct 2 political activities policy, customs, and harassment.  The enforcement and implementation of the Precinct 2 political activities policy, customs, and harassment was the moving force leading to the constitutional violations.

25.     In addition, Bexar County was aware that Vela and Garcia had a history of illegal activities, including multiple civil rights violations.  In addition to the ongoing violations of Plaintiffs' civil rights, Bexar County was aware of a litany of other illegal and dishonest activity.  Bexar County was aware Vela had a history of taking illegal and unwarranted adverse employment actions, such as the ill-fated (and expensive) termination of Deputy Constables Raymond Ford and Jesse Garcia in 2017.  Bexar County was aware of Vela and Garcia's assault on and wrongful arrest of Mr. Jesus Padilla, a member of the First Amendment Auditors, on or about April 26, 2018.  The arrest violated the First, Fourth, and Fourteenth Amendments because Mr. Padilla was making a video recording of county offices, an activity protected by the Constitution.  Bexar County was aware of Vela and Garcia's warrantless blood draw of Madison Huizar on February 13, 2019 in violation of the Fourth and Fourteenth Amendments.  Bexar County was aware of Vela's extortion of money from Jesus Reyes on April 21, 2019 that violated the Texas Penal Code and the Fifth and Fourteenth Amendments.  Bexar County was well aware that Vela and Garcia were plainly incompetent, knowingly violated the law, and were vindictive and corrupt.  Bexar County was

aware that Vela and Garcia posed an extreme risk of danger to the public and the substantial likelihood that they would continue to violate civil rights and other laws.

26.     Despite this knowledge, Bexar County, through its policymakers and supervisors, repeatedly refused to take any action to stop Vela and Garcia's harassment, retaliation, and civil rights violations.  Bexar County, through its policymakers and supervisors, ratified the conduct of Vela and Garcia.  Bexar County, through its policymakers and supervisors, created a widespread custom, policy, and practice that allowed—and even promoted—civil rights violations by Vela and Garcia.  Bexar County took no action to stop Vela and Garcia due to deliberate indifference.  Plaintiffs seek redress under 42 U.S.C. §1983 for the violations of their rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution.

## SUPPLEMENTAL STATE LAW CLAIMS

27.     In the alternative and to the extent sovereign immunity has not been waived, Vela and Garcia, while acting in their personal capacities, committed intentional torts in violation of Texas law.  At all times relevant to the state law claims, Vela and Garcia acted with malice and fraudulent intent.

28.     Vela and Garcia falsely imprisoned Moreno.  Vela and Garcia willfully detained Moreno without Moreno's consent and without legal authority or justification.  As described above, Vela and Garcia knowingly secured a defective arrest warrant through fraud, deceit, and perjury.  Vela and Garcia then participated in, requested, and/or directed Moreno's arrest with full knowledge that the arrest violated Moreno's rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution.  Vela and Garcia were not acting in good faith or within the scope or their authority.  Vela and Garcia restricted Moreno's freedom of movement without his consent or legal authority.

29.     Vela and Garcia maliciously prosecuted Moreno.  As described above, the State of Texas commenced a criminal prosecution against Moreno.  Vela and Garcia initiated and procured the prosecution through fraud, deceit, and perjury.  Exhibit J.  The prosecution was terminated in Moreno's favor.  Exhibit K.  Moreno is innocent of the crime of aggravated perjury.  Garcia's affidavit does not even set forth the elements of the crime.  Exhibit J.  Garcia and Vela did not have probable cause to initiate or procure the prosecution.  Exhibits J and K.  Garcia and Vela acted with malice in that they initiated and procured the prosecution to punish Moreno for the exercise of his First Amendment rights.  Moreno suffered damages as a result of the prosecution.

30.     Garcia and Vela assaulted Moreno.  As described above, through the illegal seizure and search of Moreno, Garcia and Vela intentionally and knowingly caused others to make physical contact with Moreno.  Garcia and Vela knew or reasonably should have known that Moreno would regard the physical contact that occurred during the illegal seizure and search as offensive and provocative.  Moreno, in fact, found the physical contact to be offensive and provocative.  The offensive and provocative contact caused Moreno injury.

31.     As described above, Vela and Garcia defamed Moreno verbally and in writing, by knowingly and falsely claiming that Moreno committed the crime of aggravated perjury.  On and after April 29, 2019, Vela and Garcia published to third parties multiple statements of fact that Moreno committed the crime of aggravated perjury.  These statements have been published to third parties on Facebook, YouTube, various media outlets, and in Garcia's affidavit.  These statements were false and defamatory per se because the statements impute criminal conduct to Moreno.  Vela and Garcia acted with actual malice and actually knew or should have known the statements were false.  Vela and Garcia made the defamatory statements to discredit Moreno as a political candidate and to cause Moreno pecuniary losses.  Moreno has suffered pecuniary losses as a result of the

statements.  Further, damages are presumed because the statements impute criminal conduct to Moreno.  Pursuant to Texas Civil Practice and Remedies Code Section 73.055, Moreno has previously requested and again requests that Vela and Garcia retract the defamatory statements.

32.    Further in the alternative, through the conduct described above, Garcia and Vela intentionally inflicted emotional distress on Moreno and De La Cerda.  Vela and Garcia acted intentionally and recklessly in their campaign to harass and retaliate against Plaintiffs.  Plaintiffs suffered severe emotional distress.  Vela and Garcia's conduct was extreme and outrageous.  Vela and Garcia's conduct proximately caused Plaintiffs emotional distress.  No alternative cause of action provides a remedy for the severe emotional distress Vela and Garcia caused.

33.    As described above, Bexar County, by and through the actions of its officials, policymakers, and supervisors has constructively suspended Moreno, constructively terminated Moreno, and taken adverse personnel action against Moreno for Moreno's good faith reports of legal violations to the Equal Employment Opportunity Commission.  This conduct violates Texas Government Code Section 554.002.

34.    Pursuant to Texas Government Code Section 554.003, Moreno seeks all relief authorized by this statute and the statutory maximum amount of recoverable damages.  Moreno has complied with all conditions precedent to assert this cause of action and has timely filed this cause of action.

## **REQUESTED RELIEF**

35.    Plaintiffs seek an amount within the jurisdictional limits of this Court for the following relief:

    a.   Actual and compensatory damages;

    b.   Punitive damages pursuant to Federal and Texas law;

    c.   Past and future medical expenses;

d.  Past and future emotional pain, emotional suffering, mental anguish, and loss of enjoyment of life;

e.  Past and future lost wages and loss of earning capacity;

f.  Attorney fees incurred due to the criminal charges at issue;

g.  Bail bond fees incurred due to the criminal charges at issue;

h.  Court costs incurred due to the criminal charges at issue;

i.  Pecuniary losses caused by the depletion of savings and investments;

j.  Moreno's reinstatement to his former or equivalent position;

k.  De La Cerda's reinstatement to his former or equivalent position;

l.  Reinstatement of Moreno's fringe benefits and seniority rights;

m.  Attorney fees incurred as a result of this suit pursuant to 42 U.S.C. §1988 and Texas Government Code Chapter 554;

n.  Statutory damages as allowed by Texas Government Code Chapter 554; and

o.  Court costs incurred as a result of this suit.

## JURY DEMAND

36.     Plaintiffs respectfully demand a trial by jury.

## JOINT AND SEVERAL LIABILITY

37.     Defendants are jointly and severally liable to Plaintiffs.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear, for all relief specified above and all other legal and equitable relief to which Plaintiffs are entitled.

Respectfully submitted,

By: _____
WILLIAM N. ALLAN, IV
State Bar No. 24012204
Will Allan Law Firm, PLLC
13526 George Rd., Suite 200
San Antonio, Texas 78230
Office: (210) 742-9455
Fax:    (210) 742-4742
serveall@willallanlaw.com
**ATTORNEYS FOR PLAINTIFFS**